IN THE UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

|  |  |  |
|---|---|---|
| HECTOR TREVINO AND MARIANA TREVINO | § § § § | CIVIL ACTION NO. 6:20-CV-64 |
| Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | JURY TRIAL DEMANDED |
| FORMOSA PLASTICS CORPORATION, TEXAS | § § | |
| Defendant | § | |

## REPLY BY DEFENDANT FORMOSA PLASTICS CORPORATION, TEXAS TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Formosa Plastics Corporation, Texas (FPC, Texas) is a wholly owned subsidiary of Formosa Plastics Corporation, USA (FPC, USA) which is located in the State of New Jersey, but FPC, Texas is incorporated as a separate entity from its parent corporation and has its own principal place of business in Point Comfort, Texas (see Supplemental Affidavit of Frank Wedig). FPC, USA was incorporated on October 17, 1978. FPC, Texas was incorporated on March 3, 1981. FPC, Texas issues its own shares of stock, has its own Board of Directors, and has all the powers and authority of a lawfully incorporated entity. All of this is set out in the Certificate of Incorporation of FPC, Texas attached to Mr. Wedig's Supplemental Affidavit. FPC, Texas has its own bank accounts, accounting department, contracting department, and its own environmental health and safety department. FPC, Texas does its own payroll for its 2400 plus employees, files its own federal and state unemployment taxes, and makes its own social security contributions (see Wedig Supplemental Affidavit).

This is a personal injury suit.  The accident occurred in the VCM Unit which is owned by FPC, Texas.  FPC, Texas has its own Health & Safety Manual which contains 70 safety and operations procedures (see Table of Contents attached to Wedig Supplemental Affidavit).  The accident which is the subject of this suit was investigated by FPC, Texas pursuant to its Procedure No. 3 Incident Investigation (see Investigation Detail Report attached to Wedig Supplemental Affidavit).  FPC, Texas Procedure 22 Safety Orientation and General Safety Requirements governed the work being done by the Plaintiff and the FPC, Texas and contract employees working in the VCM Unit (see Procedure 22 attached to Wedig Supplemental Affidavit).  The Plaintiff was an employee of Marquis Industrial Services, LLC which was working on the FPC, Texas premises pursuant to a Field Service Contract between FPC, Texas and Marquis (see Contract attached to Wedig Supplemental Affidavit).  FPC, USA had nothing to do with any of these facts.

The general rule is that a subsidiary corporation which is incorporated as a separate entity from its parent company is considered to have its own principal place of business.  Topp v. Compare Incorporated, 814 F2d 830, 835 (1st Cir. 1987).  Subsidiary and parent corporations are generally considered to be separate entities for diversity jurisdiction purposes.  Topp at 835.  Even if the parent corporation exerts a high degree of control through ownership or otherwise, and even if the separateness is perhaps only formal, the subsidiary's place of business is controlling for diversity purposes if the corporate separation is real and carefully maintained.  Topp at 836.

The case cited by the Plaintiff in its Response is inapposite because it involved places of business of divisions of the same corporation.  Hertz Corporation v. Friend, 559 US 77 (2010) involved the principal place of business of one corporation which was the Hertz Corporation.

The case also addressed Ninth Circuit precedent which instructed courts to identify a corporation's "principal place of business" by determining the amount of a corporation's business activity State by State and determining which State had the "significantly larger" amount of activity or, failing that, to choose the corporation's "nerve center" as the principal place of business.  The facts were complicated because the evidence was that Hertz operated facilities in 44 States.  Hertz did not address or involve a fact situation such as Formosa's where the corporation's single activity was in one State.

WHEREFORE, PREMISES CONSIDERED, Defendant Formosa Plastics Corporation, Texas again asks the Court to dismiss all of Plaintiff's claims for lack of jurisdiction.

Respectfully submitted,

CULLEN, CARSNER, SEERDEN & CULLEN, L.L.P.
119 South Main Street (77901)
Post Office Box 2938
Victoria, Texas 77902-2938
Tel:  (361) 573-6318; Fax:  (361) 573-2603


By:_____/s/ Patrick A. Cullen_____

Patrick A. Cullen, Attorney in Charge
Federal Bar No. 583410
State Bar No. 05208800
pcullen@cullenlawfirm.com
William F. Seerden
State Bar No. 17986000
Federal Bar No. 2436
bseerden@cullenlawfirm.com
Brendan C. Holm
Federal Bar No.  2988302
State Bar No. 24073121
bholm@cullenlawfirm.com

ATTORNEYS FOR DEFENDANT
FORMOSA PLASTICS CORPORATION, TEXAS

**<u>CERTIFICATE OF SERVICE</u>**

In accordance with the Texas Rules of Civil Procedure, I do hereby certify that a true and correct copy of the above and foregoing pleading has been served on the following on this the 23rd day of November, 2020.

Francisco J. Rodriguez
1111 West Nolana, Suite A
McAllen, Texas 78504

*/s/ Patrick A. Cullen*
Patrick A. Cullen
